UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WACHTER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:18-cv-00488 |
| v. ) | |
| ) | Judge William L. Campbell, Jr. |
| BRIAN K. PITTS, MEGAN PITTS, ) | |
| JOSH ESTES, and CABLING ) | Magistrate Judge Jeffrey S. |
| INNOVATIONS, LLC, ) | Frensley |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), Defendants Brian K. Pitts ("Mr. Pitts"), Megan Pitts ("Ms. Pitts"), Josh Estes ("Mr. Estes"), and Cabling Innovations, LLC ("Cabling Innovations") (collectively, "Defendants"), by their undersigned counsel, respectfully file this Motion to Dismiss.

Plaintiff filed this case after firing Mr. Pitts, a managerial-level employee without a non-compete agreement, for operating a side business that nonetheless did not directly compete with Plaintiff's business – at any time while Mr. Pitts was employed by Plaintiff. Plaintiff filed a shotgun-style complaint asserting nine (9) causes of action against Mr. Pitts, his wife (Ms. Pitts), and another former employee of Watcher, Inc. who has no non-compete agreement with Plaintiff (Mr. Estes).

Each of Plaintiff's nine causes of action should be dismissed. Count I, Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, should be dismissed, with prejudice, because Plaintiff fails to allege a "loss" as defined by the statute, because Mr. Pitts and Mr. Estes were authorized to access their work computers, and because Plaintiff fails to allege "damage" as

defined under the act. Count II, Plaintiff's claim under the Electronic Communications Privacy Act, 18 U.S.C. § 2511, likewise should be dismissed, with prejudice, for failure to state a claim because Plaintiff's Complaint fails to allege, and Plaintiff cannot show, that Defendants "intercepted" any communications. Count III, Plaintiff's claim under the Stored Communications Act, 18 U.S.C. § 2511, is similarly appropriate for dismissal, with prejudice, because the "user" exception applies and because Defendants did not access a "facility" as defined by the statute. Counts I-III provide the basis for federal question jurisdiction, and as they appropriately should be dismissed, this Court lacks and should decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

Even if this Court did exercise supplemental jurisdiction over Plaintiff's remaining state law claims, Plaintiff fails to allege necessary elements of and/or fails to allege sufficient factual allegations to satisfy the pleading requirements of the bulk of its claims arising under Tennessee statutory and/or common law and, as a result, such claims should be dismissed. Count IV, Plaintiff's claim for breach of fiduciary duty fails because neither Mr. Pitts nor Mr. Estes were directors or officers of Wachter, and therefore no fiduciary duty was owed. Count VI, Plaintiff's tortious interference with business relationships claim, should be dismissed for failure to state a claim because Plaintiff fails to allege "improper motive" or "improper means," it is preempted by the TUTSA, and it does not meet the plausibility pleading standard. Count VII, Plaintiff's unjust enrichment claim, fails because Plaintiff does not allege that any of the Defendants received any direct or indirect benefit <u>from Plaintiff</u>. Count VIII, Plaintiff's claim for conversion, cannot stand because intangible, intellectual property is not capable of being converted, and Plaintiff does not allege that any tangible property was converted. Finally, Count IX, the claim for civil conspiracy cannot stand without these failed predicate causes of action.

All of Plaintiff's claims are subject to dismissal as a matter of law, and Defendants respectfully request that the Court dismiss them with prejudice. In Support of this Motion, Defendants rely on their contemporaneously-filed Memorandum of Law.

This the 16th day of July, 2018.

        MAINSAIL LAWYERS

        /s/Jacquelyne D. Fiala
        Jacquelyne D. Fiala (TN BPR No. 030498)
        7051 Highway 70S, #122
        Nashville, TN 32771
        Phone:    (615) 800-2899
        Fax:    (888) 501-9309
        Email:    jfiala@mainsaillawyers.com

        *Counsel for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendants' Motion to Dismiss was electronically filed with the Clerk of the United States District Court, Middle District of Tennessee, via the Court's CM/ECF system, which will automatically serve all counsel of record via electronic delivery.

This the 16th day of July, 2018.

        MAINSAIL LAWYERS

        /s/Jacquelyne D. Fiala
        Jacquelyne D. Fiala (TN BPR No. 030498)
        7051 Highway 70S, #122
        Nashville, TN 32771
        Phone: (615) 800-2899
        Fax: (888) 501-9309
        Email: jfiala@mainsaillawyers.com

*Counsel for Defendants*