IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WACHTER, INC., )
)
    Plaintiff, )
)
v. ) Case No. 3:18-cv-00488
) Judge Richardson/Frensley
BRIAN K. PITTS, et al., )
)
    Defendants. )

## ORDER

### I. INTRODUCTION

Wachter, Inc. ("Wachter"), "a leading national provider of infrastructure services, communications equipment, and technical support," brought this suit against two former employees, Brian Pitts and Josh Estes, as well as Megan Pitts and Cabling Innovations, LLC, alleging that the three individuals were involved in a civil conspiracy to use Mr. Pitts's and Mr. Estes's positions at Wachter to unlawfully enrich themselves and Cabling Innovations at Wachter's expense. Docket No. 1. Among other things, Wachter alleges that Mr. Pitts used information that he obtained through his employment with Wachter to bid for and obtain work on behalf of Cabling Innovations. *Id.* at 5.

Defendants filed a Motion to Dismiss, which the Court granted in part and denied in part. Docket Nos. 21, 76, 77. The Court dismissed seven Counts of the Complaint, and held that Wachter could proceed with one Count (breach of the duty of loyalty against Mr. Pitts and Mr. Estes) and proceed under another Count (civil conspiracy) as a basis for asserting the liability of Ms. Pitts and Cabling Innovations and seeking damages against each Defendant related to

furtherance of the alleged civil conspiracy.  Docket No. 77, p. 1.  Further, the Court did not allow Wachter to amend its Complaint, as it had requested within its opposition brief.  Docket No. 76, p. 28.  Defendants have filed a Motion for Judgment on the Pleadings as to Wachter's two surviving claims, which is pending.  Docket No. 100.  Wachter's Motion to Dismiss Defendants' Counterclaim is also pending.  Docket No. 86.  Wachter moved again to amend its Complaint, and the Court denied the Motion.  Docket Nos. 85, 93.

This matter is now before the Court upon Wachter's "Second Motion for Leave to Amend its Complaint and Memorandum in Support."  Docket No. 107.  Defendants have filed a Response in Opposition.  Docket No. 111.  Wachter has filed a Reply.  Docket No. 112.  For the reasons set forth below, Wachter's Motion is DENIED.

## II. LAW AND ANALYSIS

### A. Motions to Amend Under Rules 15 and 16

There are two potential standards to consider when determining whether to grant a motion to amend.  Rule 16 requires the judge to issue a scheduling order, and provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The purpose of this requirement is "to ensure that at some point both the parties and the pleadings will be fixed."  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003), *quoting* Fed. R. Civ. P. 16, 1983 advisory committee's notes (internal quotation marks omitted).   In contrast, Rule 15 contains a liberal standard instructing that "courts should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The decision of which standard to apply depends on the timing of the motion.  "Once the scheduling order's deadline passes, a plaintiff first must show good cause under *Rule 16(b)* for failure earlier to seek leave to amend before a court will consider whether amendment is proper under *Rule 15(a)*."  *Leary*, 349 F.3d at 909.

The "good cause" requirement is "a threshold that requires late-moving litigants to show that 'despite their diligence they could not meet the original deadline.'" *Shane v. Bunzl Dist. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008), *quoting Leary*, 349 F.3d at 907. In determining whether good cause exists, the "overarching inquiry" is whether the moving party was diligent in attempting to meet the Court's deadlines. *Marie v. Am. Red. Cross*, 771 F.3d 344, 366 (6th Cir. 2014), *quoting Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011). While a consideration of potential prejudice to the nonmovant is a factor the court should consider in deciding whether to amend a scheduling order, even in the absence of prejudice the plaintiff must explain its failure to assert the amendment in a timely fashion. *Stewart v. King*, No. 3:09-cv-21, 2011 LEXIS 6583 at *13 (M.D. Tenn. Jan. 24, 2011). "Where the plaintiff's explanation for the delay is simply insufficient or not credible, it is appropriate for the court to deny the motion for leave to amend." *Id.*, *citing Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *Commerce Benefits Group v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009). Only if the plaintiff establishes "good cause" does the court proceed to the more permissive Rule 15(a)(2) analysis. *Id.*

**B. Plaintiffs' Motion for Leave to File Amended Complaint**

    **1. Wachter's Repeated Procedurally-Deficient Filings**

As outlined above, this is not Wachter's first attempt to amend its Complaint. The Court initially rejected Wachter's efforts to amend because they did not satisfy the applicable procedural requirements and because "Plaintiffs [are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." Docket No. 76, p. 28 (internal quotation marks and citation omitted). Wachter then moved again to amend its Complaint on August 22, 2019, three months after the

Court's deadline for motions to amend had passed on May 21, 2019. Docket Nos. 38, 77, 85. In its Motion, Wachter argued that it needed to amend its Complaint because it had "learned additional facts" as a result of issuing third-party subpoenas. *Id.* at 2, *referencing* Docket Nos. 45-49, 52-64, and 70-71. Wachter did not address the fact that the Court's scheduling deadline for motions to amend had passed or the standard under Rule 16 for seeking leave to amend after a deadline has passed. *See* Docket No. 85. The Court denied Wachter's Motion because Wachter, which had received multiple deadline extensions in the past, allowed the deadline for motions to amend to pass unremarked and then sought leave to amend without establishing or even addressing its diligence in attempting to meet the original deadline as required by Rule 16. Docket No. 93, p. 3-5.

On December 9, 2019, the Court entered a revised scheduling order reflecting updated deadlines. Docket No. 105. This Order provides, in relevant part:

> **H. MOTIONS TO AMEND OR TO ADD PARTIES:**
> No motion to amend or to add parties may be filed without leave of court.

*Id.* at 5. Eight days later, Wachter filed its "Second Motion for Leave to Amend its Complaint and Memorandum in Support," the Motion now before the Court. Docket No. 107. Like Wachter's prior Motion, this Motion brought "pursuant to Fed. R. Civ. P. 15." *Id.* at 1.

**2. Wachter's Belated Good Cause Argument**

Although styled as a "Second Motion for Leave to Amend," Wachter states that in fact it is "renew[ing] its motion for leave to amend its Complaint in light of the motion for judgment on the pleadings recently filed by Defendants [Doc. 101]." Docket No. 107, p. 1. Wachter takes issue with the Court's reasoning in denying its prior motion for leave to amend, asserting that the Court was wrong when it "relied on *Leary* to find that Wachter failed to show 'good cause'

4

under Rule 16(b) for its failure to seek leave to amend." Docket No. 107, p. 6, *citing Leary*, 349 F.3d at 888. After explaining *Leary's* holding to the Court, Wachter argues that "[t]he egregious circumstances present in *Leary* are vastly different from those presented here." *Id.* at 7.

It is unnecessary for this case to be factually identical to *Leary* for the Sixth Circuit's precedent, established through *Leary* and the other cases cited above, to apply: "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under *Rule 16(b)* for failure earlier to seek leave to amend before a court will consider whether amendment is proper under *Rule 15(a)*." *Leary*, 349 F.3d at 906, *quoting* Fed. R. Civ. P. 16, 1983 advisory committee's notes (internal quotation marks omitted). While this is a straightforward proposition, it seems to be one that Wachter is struggling to grasp, as it devotes only one paragraph of its eleven-page brief to a discussion of its efforts to seek leave to amend in a timely manner, focusing its efforts instead on factors and caselaw relevant only to the more liberal standard of Rule 15(a). *See* Docket No. 107. Wachter's argument regarding its diligence in meeting the Court's deadlines, in its entirety, is as follows:

> Despite that this case has been pending for well over a year, discovery in the case is still in its infancy as Wachter continues to obtain meaningful written discovery from Defendants and depositions in the case are again stayed. As set forth in its initial motion to amend filed months ago, Wachter engaged in timely discovery in this matter, which was hampered by Defendants' refusal to engage cooperatively. Wachter timely sought to amend its Complaint after discovering additional evidence of Defendants' misconduct by way of third party subpoenas and internal investigation prompted by information obtained pursuant to those subpoenas.[1] Indeed, Wachter anticipates it will discovery [*sic*] even more factual basis [*sic*] for Defendants' misconduct when it is finally able to obtain meaningful discovery from Defendants and obtain

---

[1] Wachter did not timely seek to amend its Complaint. The Motion was filed on August 22, 2019. The deadline for filing a motion seeking leave to amend was May 21, 2019.

> their depositions. Thus Wachter has shown good cause for
> its failure to amend its Complaint prior to the May 2019
> deadline set forth in the scheduling order.

*Id.*

The third-party subpoenas to which Wachter refers (here and in its prior motion for leave to amend) were all issued between February 11 and March 14, 2019, months before the Court's May 21 deadline for motions to amend. *See* Docket Nos. 45-49 (filed on February 1, 2019), 52-64 (filed on February 11 and February 22, 2019), and 70-71 (filed on March 14, 2019). While Wachter references an "internal investigation," it does not provide any details to explain why Wachter was unable to file its motion seeking leave to amend more than two months later, or why Wachter did not request an extension of the deadline to do so. Far from importing any "dilatory conduct on the part of Wachter," the Court's mention of Wachter's several previous (unopposed and successful) efforts to extend deadlines serves to highlight Wachter's familiarity with that process.

In its Reply, Wachter contends that "as of May 21, 2019, [the deadline for seeking leave to amend its Complaint] Wachter was not aware of any reason to amend its Complaint." Docket No. 112, p. 2. Wachter attributes this lack of timely awareness to discovery delays and Defendants' noncooperation, recounting counsel's efforts "to investigate on its own, without the input or cooperation of Wachter personnel, which was an extremely arduous undertaking as hundreds of thousands of emails from Pitts' and Estes' Wachter email accounts were searched and reviewed to try and put the pieces together." Docket No. 112, p. 3. Yet Wachter still does not explain how this prevented it from filing either a motion for leave to amend or requesting an extension of the deadline to do so by May 21, 2019. Wachter could have brought the situation to the Court's attention via a request for extension or other assistance.

Wachter's argument that it could not seek leave to amend in a timely matter because Defendants have not cooperated in discovery is unavailing. As the Court previously stated, if Defendants' non-cooperation hindered Wachter's efforts "to the extent that it could not comply with the Court's deadlines, Wachter could have requested additional time before the deadline arrived." Docket No. 93, p. 5. Other avenues to gather requested discovery exist, including the option to file a motion to compel, which Wachter has not exercised in this case. Wachter's assertions regarding its inability to obtain discovery, for which it blames its inability to timely file a motion seeking leave to amend its Complaint, is also at odds with its allusion to "the mountain of evidence Wachter has amassed in support of its claims, despite Defendants' refusal to cooperate in discovery." Docket No. 107, p. 8.

### 3. **The Potential for Prejudice and Other Considerations**

Wachter cites *Duggins* for the proposition that "[t]he Court must find 'at least some significant showing of prejudice to the opponent' before it can deny a motion for leave to amend under Rule 16." Docket No. 112, p. 5, *quoting Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 833 (6th Cir. 1999). This is not an accurate citation. The *Duggins* court did not evaluate whether the motion for leave to amend was properly denied under Rule 16; it did not discuss the Rule 16 standard or even mention Rule 16. *Id.* Instead, it considered whether the district court had appropriately applied the standard set forth in *Foman v. Davis*. *Id.* at 833-35, *citing Foman v. Davis*, 371 U.S. 178 (1962). The *Foman* decision is based entirely on Rule 15, which, as has been previously discussed, contains a more liberal standard that considers factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman*, 371 U.S. at 182.

7

As this Court has previously explained, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under *Rule 16(b)* for failure earlier to seek leave to amend before a court will consider whether amendment is proper under *Rule 15(a)*." *Leary*, 349 F.3d at 909. "If we considered only *Rule 15(a)* without regard to *Rule 16(b)*, we would render scheduling orders meaningless and effectively would read *Rule 16(b)* and its good cause requirement out of the Federal Rules of Civil Procedure." *Leary*, 349 F.3d at 908, *quoting Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (internal quotation marks omitted). Wachter has not established that it was diligent in attempting to meet the Court's deadline for motions to amend. Because Wachter has not shown good cause under Rule 16 for its failure earlier to seek leave to amend, the Court will not proceed to an analysis of the Rule 15 standard as further established by *Foman* and *Duggins*, among other cases.

Nevertheless, as in its prior Order, the Court has determined the potential prejudice to Defendants, and finds that it is present. *See Leary*, 349 F.3d at 909 ("in addition to *Rule 16*'s explicit 'good cause' requirement, we hold that a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order"). Wachter argues that "[t]he time has come to get this case back on the rails and move the litigation along. Permitting Wachter to amend its Complaint, while at the same time disposing of Defendants' motion for judgment on the pleadings and frivolous counterclaim, is the first step in accomplishing that goal." Docket No. 112, p. 5. Yet, these two suggestions are opposed to each other. Allowing Wachter to amend its Complaint will not "move the litigation along;" it will prolong it. More importantly, Defendants' Motion for Judgment on the Pleadings, based on Wachter's original Complaint, is currently pending. Docket No. 100. The Court finds that

Defendants would be prejudiced (and judicial economy impaired) by the entry of an amended complaint at this juncture.

The Court has also considered the potential for undue prejudice to Wachter if it is not allowed to amend. Wachter's proposed First Amended Complaint does not add any new counts or parties (*see* Docket No. 107-1); yet, Wachter argues that if it is not allowed to amend its Complaint, the result will be "a complete miscarriage of justice" because "all of the information that has come to light since the filing of the original Complaint [will] be ignored and Wachter's claims [will] be dismissed solely on the basis of the initial factual allegations contained in the Complaint." Docket No. 107, p. 8-9. This fear is unfounded. It is not the case that information obtained in discovery cannot be presented simply because it was not included in the Complaint. Wachter is free to present its newly-discovered facts in a brief supporting or defending against a dispositive motion or to a jury, if the case progresses to trial.

Finally, Wachter states that "[w]hile Wachter does not believe Defendants' motion for judgment on the pleadings has merit, it seeks leave to amend its Complaint both in an abundance of caution and to remove any doubt in the minds of Defendants and for the Court as to what this case is about." Docket No. 107, p. 4, n.1. As just discussed, Wachter does not need to amend its Complaint in order to address Defendants' judgment on the pleadings, and removing doubt from the minds of others is not a recognized basis for modifying a scheduling order.

### III. **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Leave to File Amended Complaint (Docket No. 85) is DENIED.

IT IS SO ORDERED.

_____
Jeffery S. Frensley, United States Magistrate Judge